IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:12-CV-97-MTT-MSH |
| | : | |
| CARL HUMPHREY, | : | |
| | : | |
| Defendant. | : | |

_____

**REPORT AND RECOMMENDATION**

On May 27, 2012, Plaintiff Deante Gholston moved to certify a class consisting of several plaintiffs with currently pending actions in this Court. (ECF No. 10.) Although these cases are not suitable for class treatment, they may be consolidated pursuant to Federal Rules of Civil Procedure Rule 42(a). Consequently, it is recommended that Plaintiff's motion be construed as a motion for consolidation and, for the reasons explained below, this motion should be granted.

Rule 42 provides for the consolidation of actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "District courts have broad discretion under [Rule 42(a)] to consolidate causes pending in the same district." *In re Dearborn Marine Serv., Inc.*, 499 F. 2d 263, 270-71 (5th Cir. 1974);[1] *see also Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (explaining that Rule 42(a)(2) is "permissive and vests a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

purely discretionary power in the district court") (internal quotation marks and citation omitted).  Consolidation is considered the "proper solution to problems created by the existence of two or more cases involving the same parties and issues[.]"  *Hargett v. Valley Fed. Savs. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995).  In fact, "[d]istrict court judges in [the Eleventh Circuit] have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Young*, 59 F.3d at 1169 (alteration in original) (internal quotation marks and citations omitted).

Plaintiff Gholston moves for consolidation of actions complaining of retaliation against inmates in the form of continued administrative segregation, deliberate indifference to inmates' medical conditions, and *inter alia*, withholding of inmates' property and legal documents for the inmates filing grievances.  Specifically, he seeks consolidation of the following actions with his action:

> *Johnson v. Humphrey, et al.*, Case No. 5:12-cv-107,
> *Mobley v. Humphrey, et al.,* Case No. 5:12-cv-109,
> *Boston v. Humphrey, et al.,* Case No. 5:12-cv-117,
> *Watkins v. Humphrey, et al.,* Case No. 5:12-cv-118,
> *McIver v. Humphrey, et al.*, Case No. 5:12-cv-119,
> *Paschal v. Humphrey, et al.,* Case No. 5:12-cv-130, and
> *Shaw v. Hall, et al.,* Case No. 5:12-cv-135.

Because these actions involve common questions of law and fact, the Court recommends that they be consolidated into one case proceeding under Plaintiff Gholston's case number, Case No. 5:12-cv-97.[2]  Furthermore, upon review of the filings in this Court, it is

---

[2] Excepted from this recommendation is *Boston v. Humphrey*, Case No. 5:12-cv-117.  A Report and Recommendation has been entered in *Boston v. Humphrey* (ECF No. 10) recommending dismissal of that action for Plaintiff's failure to pay the initial partial filing fee.  It is therefore recommended that *Boston v. Humphrey* not be consolidated unless the district judge denies the

apparent that the following additional cases contain almost identical Complaints to those above and should also consolidated:

>*Heard v. Humphrey*, Case No. 5:12-cv-108,
>*Miller v. Humphrey, et al.,* Case No. 5:12-cv-124,
>*Watson v. Humphrey, et al.,* Case No. 5:12-cv-128,
>*Lee v. Humphrey, et al.,* Case No. 5:12-cv-136, and
>*Minor v. Humphrey, et al.*, Case No. 5:12-cv-289.

The Court notes that a similar motion for class action has been filed in *Shaw v. Hall, et al.*, Case No. 5:12-cv-135 (ECF No. 7).[3] Because the Court is consolidating these actions pursuant to this Order, Plaintiff Shaw's motion should be denied as moot. Furthermore, to the extent that any of the consolidated actions assert claims against a defendant not named in Plaintiff Gholston's action, that defendant should be joined pursuant to Federal Rule of Civil Procedure Rule 19(a)(2) as a party necessary to accord complete relief to the consolidated plaintiffs.

WHEREFORE it is recommended that Plaintiff's motion be construed as a motion for consolidation and be granted as recommended herein. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

---

R&R. If the R&R is denied, the Court recommends consolidation of *Boston v. Humphrey* into Plaintiff Gholston's action.

[3] One additional case, *Cooks v. Humphrey*, Case No. 5:12-cv-223, presents common questions of law and fact to the other cases being consolidated. However, in that case, Plaintiff Cooks has failed to pay the initial partial filing fee. A show cause order was entered in that case on September 10, 2012, directing the Plaintiff to show cause why his Complaint should not be dismissed for failure to pay the initial partial filing fee (ECF No. 9). It is consequently too early to determine whether *Cooks v. Humphrey* should be consolidated with the other actions. A recommendation of consolidation will be made if it becomes appropriate in that case.

SO RECOMMENDED, this 24th day of September, 2012.

                                              S/ Stephen Hyles
                                              UNITED STATES MAGISTRATE JUDGE