**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DEANTE GHOLSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:12-CV-97 (MTT)** |
| ) | |
| **CARL HUMPHREY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This matter is before the Court on United States Magistrate Judge Stephen Hyles'

Recommendation (Doc. 12) on Plaintiff Deante Gholston's Motion to Certify a Class (Doc.

10).  Judge Hyles recommends denying the class certification and, instead, consolidating

the cases pursuant to Federal Rule of Civil Procedure 42(a). Gholston has objected to the

Recommendation.  (Doc. 13).  Christopher Mobley, a plaintiff from one of the cases

Gholston included in his Motion, has also objected to the Recommendation.  (Doc. 14).

Gholston moved to certify his suit as class action, asking the Court combine his civil

action with seven other pending cases.  However, Gholston failed to articulate why the

cases should be certified as a class action pursuant to Federal Rule of Civil Procedure 23.

Judge Hyles determined there were twelve cases[1]  with identical claims against Warden

Humphrey at the Georgia Diagnostic & Classification Prison.

---

[1] *See* Doc. 12 at 2-3 for a full discussion of the cases.  Judge Hyles actually determined there were
fourteen similar cases, but he only recommends consolidating twelve of the cases.  However, on
October 24, 2012, one of the cases Judge Hyles recommends consolidating, *Boston v. Humphrey,
et al.,* Case No. 5:12-cv-117, was dismissed without prejudice.  Therefore, only eleven cases
remain to be consolidated.

Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable," that there be common questions of law and fact, that the claims or defenses of the representative be typical of the class, and that the representative party can adequately protect the interests of the class.  Though there appears to be some common questions of law and fact, none of the other requirements of Rule 23(a) are met.  Instead, Judge Hyles recommends consolidating the cases under Federal Rule of Procedure 42(a).  Rule 42(a) provides for consolidation of actions involving "a common question of law or fact."  Because Gholston's Motion for Class Certification was the first filed, he recommends consolidating the cases under Gholston's civil case.

The Court has reviewed the Recommendation and both Objections.  In the Objections, Gholston and Mobley both reiterate their arguments for class certification of the civil actions.  One issue raised by Mobley warrants brief discussion.  He argues that he did not receive notice of the proposed consolidation.  Rule 42 does not have a notice requirement for consolidation; therefore, the fact that Mobley did not receive notice of the proposed consolidation has no bearing on this Court's determination.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge.  The Recommendation is adopted and made the order of this Court.  Accordingly, the following cases are consolidated pursuant to Federal Rule of Civil Procedure under this case:

> *Johnson v. Humphrey, et al.*, Case No. 5:12-cv-107 (MTT-MSH)
> *Mobley v. Humphrey, et al.,* Case No. 5:12-cv-109 (MTT-MSH)
> *Watkins v. Humphrey, et al.,* Case No. 5:12-cv-118 (MTT-MSH)
> *McIver v. Humphrey, et al.*, Case No. 5:12-cv-119 (MTT-MSH)
> *Paschal v. Humphrey, et al.,* Case No. 5:12-cv-130 (WLS-MSH)
> *Shaw v. Hall, et al.,* Case No. 5:12-cv-135 (CAR-MSH)
> *Heard v. Humphrey*, Case No. 5:12-cv-108 (MTT-MSH)
> *Miller v. Humphrey, et al.,* Case No. 5:12-cv-124 (MTT-MSH)

*Watson v. Humphrey, et al.,* Case No. 5:12-cv-128 (MTT-MSH)
*Lee v. Humphrey, et al.,* Case No. 5:12-cv-136 (CAR-MSH)
*Minor v. Humphrey, et al.*, Case No. 5:12-cv-289 (MTT-MSH)

(Doc. 12 at 2-3).

**SO ORDERED**, this 1st day of November, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT