IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEXTER SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-cv-97(MTT) |
| | ) |
| CARL HUMPHREY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Dexter Shaw's Motion for Reconsideration (Doc. 48) of the Court's Order adopting Magistrate Judge Stephen Hyles' Recommendation to consolidate Plaintiff Deante Gholston's case with several other similar cases, including Shaw's (Doc. 29). For the following reasons, the Motion is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening chance in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotations and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party

inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Shaw contends the Court failed to consider his Objection when making the determination to adopt the Magistrate Judge's Recommendation in *Gholston v. Humphrey*, 5:12-cv- 97.  However, Shaw was not a "party" to *Gholston v. Humphrey* at the time the Court ruled on the Magistrate Judge's Recommendation.  Pursuant to 28 U.S.C. § 636 (b)(1)(C):

> [T]he magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all *parties*.
>
> Within fourteen days after being served with a copy, *any party* may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

(emphasis added).  Though the Court did consider a non-party's objection that was docketed in *Gholston v. Humphrey*, nothing in 28 U.S.C. § 636 suggests that the Court is required to consider objections made by non-parties.  Thus, it is not a clear error of law for the Court to not consider Shaw's Objection to a Recommendation in a case that he was not yet a part of.

Further, even if the Court were to consider Shaw's Objection to the Recommendation it would not change the outcome of the Court's decision.  It is clear to the Court that these cases should not be certified as a class action suit, and, instead should be consolidated.  Further, Shaw contends that the Court is "letting Inmate Gholston represent" all of the plaintiffs, when this is not the case.    (Doc. 28

2

at 2). Consolidating the cases pursuant to Federal Rule of Civil Procedure 42(a) allows cases with common questions of law and fact to be consolidated onto one docket in order to avoid unnecessary costs or delay and to prevent conflicting outcomes in cases involving similar legal and factual issues. This does not prevent Shaw, or any other plaintiff in these cases, from pursuing his claims against the Defendants. In fact, the Court does not expect, and nor should Shaw or any other plaintiff, Gholston to represent the other consolidated plaintiffs in this matter.

Because Shaw has not met his burden, the Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 30th day of November, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT