IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:12-CV-97-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CARL HUMPHREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# ORDER AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss Plaintiff Robert Watkins' Complaint.[1] (ECF No. 95.) Also pending are Plaintiff's motions for a temporary restraining order (TRO) (ECF No. 17), appointment of counsel (ECF No. 16), and two motions to amend the complaint (ECF Nos. 120, 161). For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted, Plaintiff's motions for TRO, and appointment of counsel be denied, and motions for leave to amend the Complaint be granted in part and denied in part.

---

[1] This action is part of a set of consolidated cases under the lead case named in the heading. The Plaintiff named in this Recommendation, Robert Watkins, originally filed this case as *Watkins v. Humphrey*, 5:12-cv-118-MTT-MSH (M.D. Ga. Apr. 2, 2012) and his Complaint is docketed therein as Document 1. The cases were consolidated by Order dated November 1, 2012. (ECF No. 29.) The Defendants named in the instant Complaint are: Warden Carl Humphrey, Deputy Warden June Bishop, Unit Manager James McMillan, and unnamed members of the "classification committee at Jackson A.S.U. [Administrative Segregation Unit a.k.a. Special Management Unit or SMU]." Plaintiff has not provided more information for the unnamed defendants to date. The motion to dismiss was filed on behalf of the three named defendants.

**BACKGROUND**

Plaintiff, an inmate currently confined at the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia, filed an action under 42 U.S.C. § 1983 alleging constitutional civil rights violations against Defendants.  (Compl. 1.)[2] Plaintiff claims that Defendants violated his Fourteenth Amendment right to procedural due process by transferring him to the Special Management Unit (SMU) at GD&CP without notice of the reasons therefor or opportunity to be heard, and his Eighth Amendment right to be free from cruel and unusual punishment in the conditions of his confinement at the SMU.  (*Id*. at 4, 7.)

Plaintiff asserts that he was placed in the SMU on July 27, 2009 "without being informed of why or an opportunity to be heard."  (*Id*. at 5.)  He alleges that his placement is "indefinite" and that he has not been told what he could do to be released.  (*Id*.)  Plaintiff claims that he has requested information regarding the rules and regulations of the SMU and how he can be released, and has filed classification appeals, all to no avail. (*Id*.)  He states that the SMU imposes "atypical and significant hardship" on him. Examples of these alleged hardships include: property is confiscated without reasons given, exercise is denied or limited to twice a week, clothing is not issued, deprivation of food is used as "punishment for speaking out on violation[s]," strip cells are employed with no clothing, no bedding, and no toilet paper for days at a time, showers are limited to three times a week and wholly denied in E-wing, cell lights are dimmed at night which makes reading and writing difficult, visitation is limited and "scrutinized," the use of

---

[2]     Docket, 5:12-cv-118-MTT-MSH, ECF No. 1.

2

handcuffs as "brass knuckles" against inmates is "ordered, condoned" by Defendants, educational programs are not provided, Plaintiff is not allowed out of the cell without handcuffs and leg shackles, and human contact and environmental or sensory stimuli are denied via metal strips on doors. (*Id*. at 5-6.)

Defendants move to dismiss the Complaint for a number of reasons. (Defs.' Mot. to Dismiss, ECF No. 95.) As to the claim for violation of Plaintiff's due process rights, Defendants argue that Plaintiff's Complaint does not state a claim in that it fails to show he has a liberty interest in not being held in the SMU. (Defs.' Br. in Supp. of Mot. to Dismiss 9-11, ECF No. 95-1.) As to Plaintiff's Eighth Amendment claims, Defendants argue that Plaintiff failed to properly exhaust most of his claims prior to filing this suit, as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*Id*. at 4.) Finally, as to the remaining Eighth Amendment claims, Defendants argue that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*. at 11-19.) The motion is now ripe for review, as are Plaintiff's motions.

## DISCUSSION

### I.  Motions to Amend

#### A.  <u>Plaintiff's First Motion for Leave to Amend the Complaint</u>

On March 4, 2013, Plaintiff filed his response to Defendants' motion to dismiss and a motion for leave to amend the complaint. (ECF Nos. 120, 121.) In his proposed First Amended Complaint, Plaintiff more specifically alleges the conditions that he contends show he holds a liberty interest in not being classified in the SMU, implicating procedural due process rights under the Fourteenth Amendment. (ECF No. 120-1.)

3

Plaintiff also states that he intends to "expunge" the claims brought under the Eighth Amendment. (*Id.*) The Court construes the second part of Plaintiff's motion as a motion to voluntarily dismiss his asserted Eighth Amendment claims. This part of the motion is granted and Plaintiff's Eighth Amendment claims are dismissed.

Defendants responded to the motion for leave to amend on March 20, 2013, arguing that leave should not be given because amendment would be futile. (Defs.' Resp. to Pl.'s First Mot. for Leave to Amend 4, ECF No. 136.) Defendants argue that all but one of Plaintiff's new allegations, whether intended as claims under the Fourteenth Amendment or the Eighth Amendment, have not been fully exhausted prior to the filing of his original Complaint. (*Id.* at 5.) The new allegation for which Defendants do not contest exhaustion is that denial of medical treatment is common after unnecessary uses of force in the SMU. (Pl.'s First Amended Compl. 1.) Defendants contend that this amendment is also futile because it is insufficient to state a claim. (Defs.' Resp. to Pl.'s First Mot. for Leave to Amend 6.)

As Defendants point out, many of Plaintiff's allegations in the First Amended Complaint simply restate the allegations of his original Complaint. He also includes some new allegations and makes further factual assertions regarding prior allegations. In his First Amended Complaint, Plaintiff alleges that he was moved from general population at Hays State Prison to E-Wing of the SMU at GD&CP on July 27, 2009. (Pl.'s First Amended Compl. 1.) E-Wing, he states, "subjects [him] and others to punitive conditions of confinement . . . simply for speaking out on violations." (*Id.*) He alleges that he is subjected to a "behavioral modification program" within the SMU that is not

4

governed by any standard procedures. (*Id.*) Plaintiff states that since he has been in the SMU, fear and force have been used against him "without justification," and false reports are created to cover up the force used. (*Id.*) He also states that denial of medical care is "common" after unnecessary uses of force. (*Id.*)

Plaintiff further specifies that he has been housed in E-Wing "on several occasions without property, physical exercise, denial of food at times, denied mail and shower for weeks, housed in cells where mold and mildew [are] on the walls and ceiling." (Pl.'s First Amended Compl. 1.) Plaintiff then compares the procedure in administrative segregation to the SMU saying that standard operating procedure in administrative segregation requires weekly review of placement for the first sixty days and monthly review thereafter, but these reviews are only made annually in the SMU according to "Defendants unwritten SMU procedure." (*Id.*) He further asserts that Defendants "and other State officials" have conspired to "utilize the SMU as a facility to maliciously punish inmates physically, mentally, and psychologically" by using the tactics described in his original Complaint. (*Id.*) Plaintiff states that certain privileges, including visitation, phone access, commissary, packages, television, and radios, "are commonly denied without disciplinary actions/due process." (*Id.*) The lack of these privileges, along with the other incidents of life in the SMU, according to Plaintiff, amount to an "atypical and significant hardship" upon him. (*Id.*)

The Court construes the additional allegations contained in Plaintiff's First Amended Complaint as a part of the overarching Fourteenth Amendment claim for Defendants' alleged classification of Plaintiff in the SMU without notice or opportunity

to be heard. Defendants argue that allowing Plaintiff to add these allegations would be futile because even if they are considered together with the original Complaint, they fail to show a liberty interest implicated by Plaintiff's classification. The Court agrees. *See, e.g., Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.")

The addition of these allegations does not save Plaintiff's Fourteenth Amendment claim because he has not sufficiently alleged that his placement in the SMU amounts to an "atypical and significant hardship" compared to the ordinary incidents of prison life, as required by the *Sandin* decision. *See Sandin v. Conner* 515 U.S. 472, 484 (1995). For the sake of clarity and efficiency, the Court has conducted a complete discussion of the *Sandin* requirements and how Plaintiff's original and amended claims combined fail the standard. This discussion is contained in section II.B. below. For the reasons discussed therein, Plaintiff's amendments would be futile and therefore the Motion for Leave to Amend is denied as to the addition of Fourteenth Amendment claims. Consequently Plaintiff's motion (ECF No. 120) is granted in part and denied in part.

   B. <u>Plaintiff's Second Motion for Leave to Amend the Complaint</u>

Plaintiff has also filed a second motion for leave to amend his complaint. (ECF No. 161.) In this motion, Plaintiff claims that he has recently discovered the names of the "John Doe" defendants named in his original Complaint, and that he has "corrected and brought more facts, defendants and legal claims." (Pl.'s Second Mot. for Leave to Amend 1.)

In actuality, however, Plaintiff's Second Amended Complaint does not name the unnamed "state officials [who], act as the classification committee" at the SMU, described in the original Complaint. Instead, Plaintiff asserts a completely new set of facts detailing an alleged attack upon him by a number of corrections officers and "CERT" team personnel on January 30, 2012. (Pl.'s Second Amended Complaint 3-4, ECF No. 161-1.) The only connections between the original Fourteenth and Eighth Amendment claims asserted by Plaintiff in this case and the new claim asserted in the Second Amended Complaint are that the alleged attack occurred while Plaintiff was held in the SMU and Plaintiff asserts that Defendants Humphrey, Bishop, and McMillan failed to protect Plaintiff and failed to take any actions following the alleged attack to punish the attackers. (*Id*. at 4-5.)

Defendants oppose Plaintiff's motion. (Defs.' Resp. to Pl.'s Second Mot. for Leave to Amend, ECF No. 162.) Defendants note that the facts underlying Plaintiff's new claims were known to him at the time he filed his original Complaint because the incident occurred before he filed this action, and he had specifically named these proposed defendants in a grievance filed on February 23, 2012, well before the April 2, 2012 date he initiated this lawsuit. (*Id*. at 5-6; Defs.' Resp. Exh. 1 at 4, ECF No. 162-1.) Defendants argue that Plaintiff has failed to adequately explain his reasons for the failure to include this claim in his original Complaint or in his First Amended Complaint when he clearly had knowledge of the facts at issue and parties responsible at the time those documents were filed. (Defs.'s Resp. to Pl.'s Second Mot. for Leave to Amend 6.) For this reason, Defendants urge the Court to deny Plaintiff's motion.

7

Although Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires," the Court has discretion to deny leave to amend when it clearly states a sufficient reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court agrees with Defendants that Plaintiff has not given sufficient reason for his failure to bring these claims to the attention of the Court before this motion. The Court finds this to be an undue delay and that Plaintiff has acted with bad faith in asserting that he has only learned the names of those responsible "since the filing" of his original Complaint. Because this is the only reason given by Plaintiff for his delay, the motion (ECF No. 161) is denied.

## II.   Motion to Dismiss

### A.   Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]"

*Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'"  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

B. <u>Fourteenth Amendment Due Process Claim</u>

Plaintiff contends that Defendants violated his right to procedural due process in classifying and confining him to the Special Management Unit of GD&CP without notice or an opportunity to be heard.  Defendants move to dismiss the claims arguing that Plaintiff has not stated a claim for denial of his procedural due process rights because he has not shown a protected liberty interest was implicated by his classification to the SMU.

It is well-settled that prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *see also Meachum v. Fano,* 427 U.S. 215, 223-24 (1976) (finding the transfer of a prisoner to less agreeable prison does not implicate a liberty interest).  However, a prisoner may claim a violation of a protected liberty interest arising out of his confinement in punitive segregation if the placement (1) "will inevitably affect the duration of his sentence;" or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

As stated above, the Court considers herein the full breadth of Plaintiff's

allegations contained in both the Complaint and First Amended Complaint. Even Plaintiff's combined allegations, however, fail to fulfill the *Sandin* requirements. Initially, the Court notes that Plaintiff does not specifically allege that his placement in the SMU was punitive, only that he was not told the reasons for his classification. Plaintiff also makes no allegation that his placement in the SMU "will inevitably affect the duration of his sentence."[3] Furthermore, Plaintiff fails to allege how the conditions in the SMU differ from the "ordinary incidents of prison life," and certainly has not made a compelling argument that they are an "atypical and significant hardship" in comparison. Plaintiff describes the conditions in the SMU in detail, but makes little to no mention of the conditions for prisoners not in the SMU. Although Plaintiff does refer to a difference between administrative segregation and the SMU, it is to describe the classification review process, not the conditions of confinement. Plaintiff's repeated use of the phrase "atypical and significant hardship" does not fulfill the pleading requirement. Something more than the conclusory statement that the listed conditions are an "atypical and significant hardship" is required; Plaintiff must state or allege <u>facts</u> that show an "atypical and significant hardship." Plaintiff has therefore failed to state a claim for a due process violation, and Defendant's motion should be granted.

### III.  Motion to Appoint Counsel

Plaintiff requests that the Court appoint counsel to assist in this case due to his

---

[3]  Although Plaintiff argues that the denial of educational programs could limit parole eligibility, Georgia inmates do not have a liberty interest in parole eligibility sufficient to implicate the Due Process Clause. *See Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994) ("the Georgia parole system does not create a liberty interest protected by the Due Process Clause."

10

indigency. (ECF No. 155.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*. Furthermore, because the Court recommends granting Defendant's motion to dismiss, Plaintiff's request for appointment of counsel is moot. Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 16) is denied.

## IV.     Motion for Temporary Restraining Order/Preliminary Injunction

Plaintiff also seeks relief in the form of a temporary restraining order against Defendants. (Pl.'s Mot. for Prelim. Inj., ECF No. 17.) Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir.

2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). As detailed above, the Court finds that Plaintiff's claims should be dismissed. Therefore, Plaintiff has failed to show a "substantial likelihood of success on the merits." Accordingly, it is recommended that Plaintiff's motion for injunctive relief (ECF No. 17) be denied.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendant's motion to dismiss the complaint (ECF No. 95) be GRANTED. It is further RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 17) be DENIED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof. It is also ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 16) is DENIED, Plaintiff's First Motion for Leave to Amend (ECF Nos. 120) is GRANTED IN PART and DENIED IN PART, and Plaintiff's Second Motion for Leave to Amend (ECF No. 161) is DENIED.

SO ORDERED and RECOMMENDED, this 3rd day of September, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE