IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:12-CV-97-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CARL HUMPHREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss Plaintiff Bobby Minor's Complaint.[1] (ECF No. 92.) For the reasons explained below, it is recommended that Defendant's motion to dismiss be granted.

## BACKGROUND

Plaintiff, an inmate currently confined at the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia, filed the instant lawsuit under 42 U.S.C. § 1983 alleging constitutional civil rights violations against Defendants. (Compl. 1.) Plaintiff claims that Defendants violated his Fourteenth Amendment right to due process in his placement in the Special Management Unit (SMU) of the prison, and his

---

[1] This action is part of a set of consolidated cases under the lead case named in the heading. The Plaintiff named in this Recommendation, Bobby Minor, originally filed this case as *Minor v. Humphrey*, 5:12-cv-289-CAR-MSH (M.D. Ga. July 20, 2012) and his Complaint is docketed therein as Document 1. The cases were consolidated by Order dated November 1, 2012. (ECF No. 29.) The Defendants named in the instant Complaint are Warden Carl Humphrey, Deputy Warden Victoria Malone, Unit Manager James McMillan, and Counselor Gary Caldwell. The four named defendants jointly filed this motion to dismiss.

Eighth Amendment right to be free from cruel and unusual punishment in his placement in the SMU "without a legitimate penological reason or purpose." (*Id.* at 4.)

Plaintiff asserts that he was placed in the SMU on June 16, 2011 "without being told why or notified by any staff at S.M.U. Hi max of a legitimate reason regarding [his] placement." (*Id.* at 2.)[2] Plaintiff states that prior to his transfer, he was housed at Augusta State Medical Prison in a mental health program, receiving mental health services and preparing to transition back into general population within twelve months. (Pl.'s Br. 2.) He alleges that all of his personal property was confiscated when he was transferred and he was placed in "E-wing" for thirty days upon his transfer to the SMU. (Compl. 2.) He states that "E-wing" is where inmates are placed who have committed or are suspected of having committed a serious disciplinary infraction. (*Id.*) "E-wing" is allegedly the most restrictive of the six "dormitories" of the SMU and where inmates are allowed no personal property, less than "full" commissary privileges, and no telephone access, monthly packages, shoes, or in-cell television. (Pl.'s Br. 1.)

Plaintiff claims that when he requested information regarding the reasons for his confinement in the SMU and was not given an answer but instead told to file a classification appeal. (Compl. 2.) The appeal resulted in nothing more than Defendant Humphrey's signature indicating that he concurred with the committee's decision, but no further explanation. (*Id.*; Compl. Ex. A.) Plaintiff states that after "several months,"

---

[2] Along with his Complaint, Plaintiff attached a copy of the SOP regarding administrative segregation, two classification appeals, two grievances, and a brief explaining in more depth the factual and legal bases for his claims. (Compl. 6-24; Pl.'s Br., Doc. 1-1, 5:12-cv-289-CAR-MSH (M.D. Ga. July 20, 2012).) The Court will consider the facts in Plaintiff's Brief as a part of his Complaint.

multiple grievances, and another classification appeal, he was still not given a reason for his placement in the SMU. (Compl. 3.)

Plaintiff further explains that the standard operating procedure (SOP) of the Georgia Department of Corrections (GDOC) regarding Administrative Segregation requires notice of and reasons for assignment and a formal hearing within 96 hours of placement. (*Id.*) He states that he has not received any of those "entitlements." (*Id.*) Plaintiff states that as a result of his placement in the SMU he "lost control of" himself and cut his arm with a razor, causing scars, and causing him to receive medical care and mental health therapy. (*Id.*) He also alleges that due to his placement in the SMU, he is back on anti-depressant medication, which he had been off, and lost an opportunity to receive mental health services and return to general population in twelve months. (*Id.*) He states that general prison population offers "hot and decent meals, better recreational periods and activities, and vocational programs, all which SMU lacks." (*Id.*)

Defendants move to dismiss the Complaint for failure to state a claim and qualified immunity. (Defs.' Mot. to Dismiss, ECF No. 92.) Plaintiff responded[3] to the motion (ECF No. 144), and Defendants replied (ECF No. 146). The motion is now ripe for review.

---

[3] On March 4, 2013, Plaintiff filed a motion for extension of time to file his response to the motion to dismiss. (ECF No. 122.) Defendants responded that they did not oppose the extension. (ECF No. 133.) Therefore, the Court grants Plaintiff's motion and will consider the response (ECF No. 144) herein.

## DISCUSSION

### I. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### II. Fourteenth Amendment Due Process Claim

Plaintiff contends that Defendant violated his right to procedural due process in classifying and confining him to the Special Management Unit of GD&CP without notice or an opportunity to be heard. Defendant moves to dismiss the claims arguing that Plaintiff has not stated a claim for denial of his procedural due process rights because he has not shown a protected liberty interest was implicated by his classification to the

SMU.

It is well-settled that prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *see also Meachum v. Fano,* 427 U.S. 215, 223-24 (1976) (finding the transfer of a prisoner to less agreeable prison does not implicate a liberty interest).  However, a prisoner may claim a violation of a protected liberty interest arising out of his confinement in punitive segregation if the placement (1) "will inevitably affect the duration of his sentence;" or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff's allegations fail to fulfill the *Sandin* requirements.  Initially, the Court notes that Plaintiff does not specifically allege that his placement in the SMU was punitive, only that he was not told the reasons for his classification.  Plaintiff also makes no allegation that his placement in the SMU "will inevitably affect the duration of his sentence."  Furthermore, Plaintiff fails to sufficiently allege how the conditions in the SMU differ from the "ordinary incidents of prison life," and certainly has not made a compelling argument that they are an "atypical and significant hardship" in comparison. Plaintiff states that general population has "hot and decent meals, better recreational periods and activities, and vocational programs, all which SMU lacks." (Compl. 3.)  This description is not enough to conclude that confinement in the SMU is an "atypical and significant hardship."  Plaintiff has therefore failed to state a claim for a due process violation under the *Sandin* standard.

Plaintiff contends, however, that his situation should not be governed by the *Sandin* decision, but instead by *Hewitt v. Helms*, 459 U.S. 460 (1983).  Under that approach, the determination of whether or not a plaintiff had a liberty interest was made by reviewing the prison regulations of the relevant state.  Plaintiff's suggestion that *Hewitt* should apply is misguided.  *Sandin* specifically overturned that approach, and instituted the "atypical and significant hardship" standard.  515 U.S. at 480-84.  "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' *Id.*, at 484." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).  The cases cited by Plaintiff from the Second and D.C. Circuits do not apply to this situation.  Therefore, as Plaintiff has failed to state a claim under the *Sandin* standard, his Fourteenth Amendment claim should be dismissed.

### III.   Eighth Amendment Cruel and Unusual Punishment Claim

Defendants also move to dismiss Plaintiff's Eighth Amendment claims for failure to state a claim.  (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss 4, ECF No. 146.) Plaintiff argues that his placement in the SMU without legitimate penological justification amounts to cruel and unusual punishment.  (Pl.'s Br. 5.)

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only

6

when they involve the wanton and unnecessary infliction of pain." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. *Id.* Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." *Id.* at 347.

Typically, prisoner claims for violations of the Eighth Amendment take the form of allegations that the conditions of a prisoner's confinement are so bad that it is a "wanton and unnecessary infliction of pain" to be confined to such conditions. However, Plaintiff attempts to assert a different type of basis for his Eighth Amendment claim: that his transfer to more restrictive conditions without a "legitimate penological justification" amounts to an Eighth Amendment violation irrespective of whether the actual conditions of his confinement in the SMU satisfy the "wanton and unnecessary infliction of pain" standard.

Plaintiff's assertions do not state an Eighth Amendment claim. As detailed above, an Eighth Amendment violation requires the prisoner to allege that he is deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349. Without a claim that the conditions of Plaintiff's confinement fail to provide the minimum necessities, an Eighth Amendment claim must fail. Further, the conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." *Sheley v. Dugger*, 833 F.2d 1420, 1428–29

(11th Cir. 1987). Defendants' motion should therefore be granted as to the Eighth Amendment claims.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendant's motion to dismiss the complaint (ECF No. 92) be GRANTED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof. It is also ORDERED that Plaintiff's Motion for Extension of Time to Respond (ECF Nos. 122) is GRANTED.

SO ORDERED and RECOMMENDED, this 3rd day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE