IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:12-CV-97-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CARL HUMPHREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Defendant's motion to dismiss Plaintiff Demetrius Lee's Complaint.[1] (ECF No. 89.) Also pending is Plaintiff's motion to amend the complaint. (ECF No. 128.) For the reasons explained below, it is recommended that Defendant's motion to dismiss be granted, and Plaintiff's motion to amend is granted in part and denied in part.

## BACKGROUND

Plaintiff, an inmate currently confined at the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia, filed the instant lawsuit under 42 U.S.C. § 1983 alleging constitutional civil rights violations against Warden Carl

---

[1] This action is part of a set of consolidated cases under the lead case named in the heading. The Plaintiff named in this Recommendation, Demetrius Lee, originally filed this case as *Lee v. Humphrey*, 5:12-cv-136-CAR-MSH (M.D. Ga. Apr. 17, 2012) and his Complaint is docketed therein as Document 1. The cases were consolidated by Order dated November 1, 2012. (ECF No. 29.) The Defendants named in the instant Complaint are Warden Carl Humphrey and unnamed members of the "classification committee at Jackson A.S.U. [Administrative Segregation Unit a.k.a. Special Management Unit or SMU]." Plaintiff has not provided more information for the unnamed defendants to date. The motion to dismiss was filed on behalf of the Defendant Humphrey.

Humphrey.[2]  (Compl. 4.)  Plaintiff claims that Defendant violated his Fourteenth Amendment right to due process in Plaintiff's placement in the Special Management Unit (SMU) of the prison, and his Eighth Amendment right to be free from cruel and unusual punishment in the conditions of his confinement at the SMU.  (*Id*. at 7.)

Plaintiff asserts that he was placed in the SMU on May 26, 2010 "without being informed of why or an opportunity to be heard."  (*Id*. at 5.)  He alleges that his placement is "indefinite" and that he has not been told what he could do to be released.  (*Id*.) Plaintiff claims that he has requested information regarding the rules and regulations of the SMU and how he can be released, and has filed classification appeals, all to no avail. (*Id*.)  He states that the SMU imposes "atypical and significant hardship" on him. Examples of these alleged hardships include: property is confiscated without reasons given, exercise is denied or limited to twice a week, clothing is not issued, deprivation of food is used as "punishment for speaking out on violation[s]," strip cells are employed with no clothing, no bedding, and no toilet paper for days at a time, showers are limited to three times a week and wholly denied in E-wing, cell lights are dimmed at night which makes reading and writing difficult, visitation is limited and "scrutinized," the use of handcuffs as "brass knuckles" against inmates is "ordered, condoned" by Defendant, educational programs are not provided, Plaintiff is not allowed out of the cell without

---

[2]  Plaintiff also claims to sue a number of "John/Jane Doe" defendants.  However, Plaintiff has made no attempt to determine the identities of the fictitious defendants to date.  Fictitious party pleading is not generally permitted in federal court.  A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).  At this point in the litigation, Plaintiff has had sufficient opportunity to ensure service of process upon the "John/Jane Does" listed in his Complaint.  Because he has not done so, they are dismissed as defendants from this action.

handcuffs and leg shackles, and human contact and environmental or sensory stimuli are denied via metal strips on doors. (*Id*. at 5-6.)

Defendant moves to dismiss the Complaint for a number of reasons. (Def.'s Mot. to Dismiss, ECF No. 89.) As to the claim for violation of Plaintiff's due process rights, Defendant argues that Plaintiff's Complaint does not state a claim in that it fails to show he has a liberty interest in not being held in the SMU. (Def.'s Br. in Supp. of Mot. to Dismiss 8-10, ECF No. 89-1.) As to Plaintiff's Eighth Amendment claims, Defendant argues that Plaintiff failed to properly exhaust any of his claims prior to filing this suit, as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*Id*. at 4.) The motion is now ripe for review, as is Plaintiff's motion to amend.

## DISCUSSION

### I. Plaintiff's Motion to Amend

On March 11, 2013, Plaintiff filed his response to Defendant's motion to dismiss and a motion for leave to amend the complaint. (ECF Nos. 127, 128.) In his proposed Amended Complaint, Plaintiff more specifically alleges the conditions that he contends show he holds a liberty interest in not being classified in the SMU, implicating procedural due process rights under the Fourteenth Amendment. (ECF No. 128-1.) Plaintiff also states that he intends to "expunge" the claims brought under the Eighth Amendment. (*Id*.) The Court construes the second part of Plaintiff's motion as a motion to voluntarily dismiss his asserted Eighth Amendment claims. This part of the motion is granted and Plaintiff's Eighth Amendment claims are dismissed.

Defendant responded to the motion for leave to amend on March 18, 2013,

3

arguing that leave should not be given because amendment would be futile.  (Def.'s Resp. to Pl.'s Mot. to Amend 4-5, ECF No. 134.)  Defendant argues that none of Plaintiff's new allegations, whether intended as claims under the Fourteenth Amendment or the Eighth Amendment, have been fully exhausted prior to the filing of his original Complaint.  (*Id.* at 5.)

As Defendant points out, many of Plaintiff's allegations in the Amended Complaint simply restate the allegations of his original Complaint.  He also includes some new allegations and makes further factual assertions regarding prior allegations.  In his Amended Complaint, Plaintiff alleges that he was moved from general population at Coastal State Prison to E-Wing of the SMU at GD&CP on May 26, 2010.  (Pl.'s Amended Compl. 1.)   E-Wing, he states, "subjects [him] and others to punitive conditions of confinement . . . simply for speaking out on violations." (*Id.*)  He alleges that he is subjected to a "behavioral modification program" within the SMU that is not governed by any standard procedures. (*Id.*)  Plaintiff states that since he has been in the SMU, fear and force have been used against him "without justification," and false reports are created to cover up the force used. (*Id.* at 2.)  He also states that denial of medical care is "common" after unnecessary uses of force. (*Id.*)

Plaintiff further specifies that he has been housed in E-Wing "up to 5 months without property, physical exercise, denial of food at times, mail or shower for weeks, where mold and mildew [are] on ceilings and walls."  (Pl.'s Amended Compl. 2.)  Plaintiff then compares the procedure in administrative segregation to the SMU saying that standard operating procedure in administrative segregation requires weekly review of

4

placement for the first sixty days and monthly review thereafter, but these reviews are only made annually in the SMU according to "Defendants unwritten SMU procedure." (*Id.*)  He further asserts that Defendant "and other State officials" have conspired to "utilize the SMU as a facility to maliciously punish inmates physically, mentally, and psychologically" by using the tactics described in his original Complaint.  (*Id.*)  Plaintiff states that certain privileges, including visitation, phone access, commissary, packages, television, and radios, "are commonly denied without disciplinary actions/due process." (*Id.* at 4.)  The lack of these privileges, along with the other incidents of life in the SMU, according to Plaintiff, amount to an "atypical and significant hardship" upon him.  (*Id.*)

The Court construes the additional allegations contained in Plaintiff's Amended Complaint as a part of the overarching Fourteenth Amendment claim for Defendant's alleged classification of Plaintiff in the SMU without notice or opportunity to be heard. Allowing Plaintiff to add these allegations would be futile because even if they are considered together with the original Complaint, they fail to show a liberty interest implicated by Plaintiff's classification.  *See, e.g., Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.")[3]

The addition of these allegations does not save Plaintiff's Fourteenth Amendment claim because he has not sufficiently alleged that his placement in the SMU amounts to

---

[3] The Court notes that Plaintiff's Amended Complaint also apparently attempts to add new defendants to the action. (Pl.'s Amended Compl. 6.) The addition of these new defendants is denied because to do so would also be futile as Plaintiff's allegations are all made as a whole and do not state a claim against the new defendants any more than they do against Defendant Humphrey.

5

an "atypical and significant hardship" compared to the ordinary incidents of prison life, as required by the *Sandin* decision. *See Sandin v. Conner* 515 U.S. 472, 484 (1995). For the sake of clarity and efficiency, the Court has conducted a complete discussion of the *Sandin* requirements and how Plaintiff's original and amended claims combined fail the standard. This discussion is contained in section II.B. below. For the reasons discussed therein, Plaintiff's amendments would be futile and therefore the Motion to Amend is denied as to the addition of Fourteenth Amendment claims. Consequently Plaintiff's motion (ECF No. 128) is granted in part and denied in part.

**II.     Motion to Dismiss**

    A.     Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes

a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

  B.  <u>Fourteenth Amendment Due Process Claim</u>

Plaintiff contends that Defendant violated his right to procedural due process in classifying and confining him to the Special Management Unit of GD&CP without notice or an opportunity to be heard. Defendant moves to dismiss the claims arguing that Plaintiff has not stated a claim for denial of his procedural due process rights because he has not shown a protected liberty interest was implicated by his classification to the SMU.

It is well-settled that prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *see also Meachum v. Fano,* 427 U.S. 215, 223-24 (1976) (finding the transfer of a prisoner to less agreeable prison does not implicate a liberty interest). However, a prisoner may claim a violation of a protected liberty interest arising out of his confinement in punitive segregation if the placement (1) "will inevitably affect the duration of his sentence;" or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

As stated above, the Court considers herein the full breadth of Plaintiff's allegations contained in both the Complaint and Amended Complaint. Even Plaintiff's combined allegations, however, fail to fulfill the *Sandin* requirements. Initially, the Court notes that Plaintiff does not specifically allege that his placement in the SMU was

7

punitive, only that he was not told the reasons for his classification.  Plaintiff also makes no allegation that his placement in the SMU "will inevitably affect the duration of his sentence."[4]  Furthermore, Plaintiff fails to allege how the conditions in the SMU differ from the "ordinary incidents of prison life," and certainly has not made a compelling argument that they are an "atypical and significant hardship" in comparison.  Plaintiff describes the conditions in the SMU in detail, but makes little to no mention of the conditions for prisoners not in the SMU.  Although Plaintiff does refer to a difference between administrative segregation and the SMU, it is to describe the classification review process, not the conditions of confinement.  Plaintiff's repeated use of the phrase "atypical and significant hardship" does not fulfill the pleading requirement.  Something more than the conclusory statement that the listed conditions are an "atypical and significant hardship" is required; Plaintiff must state or allege <u>facts</u> that show an "atypical and significant hardship."  Plaintiff has therefore failed to state a claim for a due process violation, and Defendant's motion should be granted.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendant's motion to dismiss the complaint (ECF No. 89) be GRANTED.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a

---

[4] Although Plaintiff argues that the denial of educational programs could limit parole eligibility, Georgia inmates do not have a liberty interest in parole eligibility sufficient to implicate the Due Process Clause.  *See Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994) ("the Georgia parole system does not create a liberty interest protected by the Due Process Clause."

copy hereof.  It is also ORDERED that Plaintiff's Motion to Amend (ECF Nos. 128) is GRANTED IN PART and DENIED IN PART.

SO ORDERED and RECOMMENDED, this 3rd day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE