IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:12-CV-97-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CARL HUMPHREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss Plaintiff Ja'Quez Paschal's Complaint.[1] (ECF No. 94.) Plaintiff failed to respond to the motion. For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted.

### BACKGROUND

Plaintiff, an inmate currently confined at the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia, filed the instant lawsuit under 42 U.S.C. § 1983 alleging constitutional civil rights violations against Defendants.[2] (Compl. 4.) Plaintiff

---

[1] This action is part of a set of consolidated cases under the lead case named in the heading. The Plaintiff named in this Recommendation, Ja'Quez Paschal, originally filed this case as *Paschal v. Humphrey*, 5:12-cv-130-WLS-MSH (M.D. Ga. Apr. 9, 2012) and his Complaint is docketed therein as Document 1. The cases were consolidated by Order dated November 1, 2012. (ECF No. 29.) The Defendants named in the instant Complaint are: Warden Carl Humphrey, Deputy Warden June Bishop, Unit Manager James McMillan, and unnamed members of the "classification committee at Jackson A.S.U. [Administrative Segregation Unit a.k.a. Special Management Unit or SMU]." Plaintiff has not provided more information for the unnamed defendants to date. The motion to dismiss was filed on behalf of the three named defendants.

[2] Plaintiff also claims to sue a number of "John/Jane Doe" defendants. However, Plaintiff

claims that Defendants violated his Fourteenth Amendment right to due process in Plaintiff's placement in the Special Management Unit (SMU) of the prison, and his Eighth Amendment right to be free from cruel and unusual punishment in the conditions of his confinement at the SMU.  (*Id*. at 10-11.)

Plaintiff asserts the following as cruel and unusual conditions in the SMU: placement of inmates in a "strip cell" for "days at a time" (*Id*. at 7); deprivation of food "for days" (*Id*.); limitation of showers to three times per week (*Id*. at 8); denial of physical exercise (*Id*. at 7); poor lighting in cells at night (*Id*. at 8); metal strips on cell doors to prevent communication between inmates (*Id*.); limited and "scrutinized" visitation (*Id*.); lack of educational programs (*Id*.);  handcuffing of inmates when transported (*Id*.); and use of handcuffs as "brass knuckles" against inmates (*Id*.).  Plaintiff further alleges that Defendant has violated his due process rights by classifying him in the SMU without proper notice and explanation of the reasons therefor.  (*Id*. at 7.)

Defendants move to dismiss the Complaint for a number of reasons.  (Defs.' Mot. to Dismiss, ECF No. 94.)  As to the claim for violation of Plaintiff's due process rights, Defendants argue that Plaintiff's Complaint does not state a claim in that it fails to show he has a liberty interest in not being held in the SMU.  (Defs.' Br. in Supp. of Mot. to Dismiss 8-10, ECF No. 94-1.)  As to Plaintiff's Eighth Amendment claims, Defendants argue that

---

has made no attempt to determine the identities of the fictitious defendants to date.  Fictitious party pleading is not generally permitted in federal court. A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).  At this point in the litigation, Plaintiff has had sufficient opportunity to ensure service of process upon the "John/Jane Does" listed in his Complaint.  Because he has not done so, they are dismissed as defendants from this action.

Plaintiff failed to properly exhaust all but one of his claims prior to filing this suit, as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*Id*. at 6.) Finally, as to the remaining Eighth Amendment claim, Defendants argue that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*. at 11-19.) The motion is now ripe for review.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Defendants move to dismiss much of Plaintiff's Complaint claiming that Plaintiff failed to exhaust his administrative remedies prior to filing this action. (Def.'s Br. in Supp. of Mot. to Dismiss 3.) Plaintiff failed to respond to Defendants' motion. As explained below, the Court agrees that Plaintiff has failed to exhaust his administrative remedies as to all of his Eighth Amendment claims except that for lack of educational programs. Consequently, all other claims regarding the conditions of his confinement in the SMU should be dismissed.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to

3

satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Because Plaintiff has not contested Defendants' factual allegations, this argument can be decided on step one of the analysis. Defendants show the Court that GD&CP had a grievance procedure in place at the time the alleged violations took place. (Defs.' Br. in Supp. of Mot. to Dismiss 5.) The procedure is a three-step process requiring an informal grievance, a formal grievance, and an appeal. (Mot. to Dismiss, Att. A. Aff. of Gary Caldwell 3, ECF No. 94-2.) Defendants argue that prior to the filing of this Complaint, Plaintiff had completed the grievance procedure on only one issue regarding conditions of confinement at GD&CP. (Defs.' Br. in Supp. of Mot. to Dismiss 6.) That grievance

4

challenged the lack of educational programs available to inmates in the SMU. (*Id.*) Defendants assert that Plaintiff has exhausted no other grievances with respect to his other Eighth Amendment claims. Plaintiff has not argued otherwise. Consequently, Defendants have shown that Plaintiff failed to exhaust his administrative remedies with regard to all of his claims for violations of the Eighth Amendment except the lack of educational programs. It is therefore recommended that all other Eighth Amendment claims be dismissed.

## II.     Failure to State a Claim

### A.     Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495

F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

    B.    <u>Eighth Amendment Claim</u>

Defendants argue that Plaintiff's remaining Eighth Amendment claim fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. *Id.* Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." *Id.* at 347.

Therefore, to prevail on a conditions of confinement claim, a plaintiff must first show that the challenged conditions are objectively and sufficiently serious, or extreme, so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler*, 379 F.3d at 1289, or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 37 (1993).

When multiple conditions are alleged, the district court must consider "the totality of the confinement conditions" to determine if the conditions evidence a constitutional deficiency. *Wilson v. Blankenship*, 163 F.3d 1284, 1292 (11th Cir. 1998). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). However, this is found "only when [the conditions alleged] have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ." *Id.* Defendants argue that Plaintiff's claim lack of educational programs fails to satisfy these requirements. (Defs.' Br. in Supp. of Mot. to Dismiss 16, 18.)

Plaintiff alleges that inmates held in the SMU are not given access to educational programs which are sometimes required in order to qualify for parole eligibility. (Compl. 8.) Defendants correctly respond that Georgia inmates have no constitutional right to either educational programs or parole, and therefore the alleged denial of either or both is insufficient to state a claim under § 1983. (Defs.' Br. in Supp. of Mot. to Dismiss 18.) "The law is well settled that an inmate has no constitutionally protected interest in trade school or other educational program as the failure to place an inmate in any such program does not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Thompkins v. Hayes*, 2:06-CV-1106-MEF, 2007 WL 128797 at *2 (M.D. Ala. Jan. 12, 2007). Furthermore, the Eleventh Circuit has found that "the Georgia parole system does not create a liberty interest protected by the Due Process Clause." *Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994). Therefore, Plaintiff's allegations fail to state a claim of violation of the Eighth Amendment and should be

7

dismissed.

    C.    <u>Fourteenth Amendment Due Process Claim</u>

Plaintiff contends that Defendants violated his right to due process in classifying and confining him to the Special Management Unit of GD&CP. Defendants move to dismiss the claims arguing that Plaintiff has not stated a claim for denial of his procedural due process rights because he has not shown a protected liberty interest was implicated by his classification to the SMU. It is well-settled that prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *see also Meachum v. Fano,* 427 U.S. 215, 223-24 (1976) (finding the transfer of a prisoner to less agreeable prison does not implicate a liberty interest). However, a prisoner may claim a violation of a protected liberty interest arising out of his confinement in punitive segregation if the placement (1) "will inevitably affect the duration of his sentence;" or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff's complaint fails to show either of these requirements. Initially, the Court notes that Plaintiff does not specifically allege that his placement in the SMU was punitive, only that he was not told the reasons for his classification. Plaintiff also makes no allegation that his placement in the SMU "will inevitably affect the duration of his sentence."[3] Furthermore, Plaintiff fails to even allege how the conditions in the SMU

---

[3]    Although Plaintiff argues that the denial of educational programs could limit parole eligibility, the Court has already held that Georgia inmates do not have a liberty interest in parole

differ from the "ordinary incidents of prison life," and certainly has not made a compelling argument that they are an "atypical and significant hardship." Plaintiff's repeated use of that phrase in his Complaint and Response to the Motion to Dismiss does not fulfill the pleading requirement. Something more than the conclusory statement that the listed conditions are an "atypical and significant hardship" is required; Plaintiff must state or allege <u>facts</u> that show an "atypical and significant hardship." Plaintiff has therefore failed to state a claim for a due process violation, and Defendants' motion should be granted.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendant's motion to dismiss the complaint (ECF No. 94) be GRANTED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 3rd day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

eligibility sufficient to implicate the Due Process Clause.