IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:12-CV-97-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| CARL HUMPHREY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Defendants' motion to dismiss Plaintiff Benjamin McIver's Complaint.[1] (ECF No. 90.) Also pending are Plaintiff's motions for a temporary restraining order (TRO) (ECF No. 19), for default (ECF No. 72), and to amend the complaint (ECF No. 124). For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted, and Plaintiff's motion for TRO be denied. Plaintiff's motions for leave to amend the Complaint and appointment of counsel are denied.

---

[1] This action is part of a set of consolidated cases under the lead case named in the heading. The Plaintiff named in this Recommendation, Benjamin McIver, originally filed this case as *McIver v. Humphrey*, 5:12-cv-119-MTT-MSH (M.D. Ga. Apr. 2, 2012) and his Complaint is docketed therein as Document 1. The cases were consolidated by Order dated November 1, 2012. (ECF No. 29.) The Defendants named in the instant Complaint are: Warden Carl Humphrey, Deputy Warden June Bishop, Unit Manager James McMillan, and unnamed members of the "classification committee at Jackson A.S.U. [Administrative Segregation Unit a.k.a. Special Management Unit or SMU]." Plaintiff has not provided more information for the unnamed defendants to date. The motion to dismiss was filed on behalf of the three named defendants.

**BACKGROUND**

Plaintiff, an inmate currently confined at the Georgia Diagnostic and Classification Prison (GD&CP) in Jackson, Georgia, filed an action under 42 U.S.C. § 1983 alleging constitutional civil rights violations against Defendants.  (Compl. 1.)[2] Plaintiff claims that Defendants violated his Fourteenth Amendment right to procedural due process by transferring him to the Special Management Unit (SMU) at GD&CP without notice of the reasons therefor or opportunity to be heard, and his Eighth Amendment right to be free from cruel and unusual punishment in the conditions of his confinement at the SMU.  (*Id*. at 4, 7.)

Plaintiff asserts that he was placed in the SMU on January 21, 2010 "without being informed why or an opportunity to be heard."  (*Id*. at 6.)  He alleges that his placement is "indefinite" and that he has not been told what he could do to be released.  (*Id*.)  Plaintiff claims that he has requested information regarding the rules and regulations of the SMU and how he can be released, and has filed classification appeals, all to no avail.  (*Id*.)  He states that the SMU imposes "atypical and significant hardship" on him.  Examples of these alleged hardships include: property is confiscated without reasons given, exercise is denied or limited to twice a week, clothing is not issued, deprivation of food is used as "punishment for speaking out on violation[s]," strip cells are employed with no clothing, no bedding, and no toilet paper for days at a time, showers are limited to three times a week and wholly denied in E-wing, cell lights are dimmed at night which makes reading and writing difficult, visitation is limited and

---

[2]   Docket, 5:12-cv-119-MTT-MSH, ECF No. 1.

"scrutinized," the use of handcuffs as "brass knuckles" against inmates is "ordered, condoned" by Defendants, educational programs are not provided, Plaintiff is not allowed out of the cell without handcuffs and leg shackles, and human contact and environmental or sensory stimuli are denied via metal strips on doors. (*Id*. at 6-8.)

Defendants move to dismiss the Complaint for a number of reasons. (Defs.' Mot. to Dismiss, ECF No. 90.) As to Plaintiff's Eighth Amendment claims, Defendants argue that Plaintiff failed to properly exhaust most of his claims prior to filing this suit, as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (Defs.' Br. in Supp. of Mot. to Dismiss 6, ECF No. 90-1.) As to the remaining Eighth Amendment claims, Defendants argue that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*. at 10.) Finally, as to the claim for violation of Plaintiff's due process rights, Defendants argue that Plaintiff's Complaint does not state a claim in that it fails to show he has a liberty interest in not being held in the SMU. (*Id*. at 8-10.) The motion is now ripe for review, as are Plaintiff's motions.

## DISCUSSION

**I.      Motion to Amend**

On March 5, 2013, Plaintiff filed his response to Defendants' motion to dismiss and a motion to amend the complaint. (ECF Nos. 125, 124.) In his Motion to Amend, Plaintiff references an "attached" amended complaint in which he proposes to "properly state a claim under the 14th Amend. while expunging the Eighth Amendment claims." (Pl.'s Mot. to Amend 1, ECF No. 124.) It appears from the docket, however, that due to

3

Plaintiff having filed the amended complaint on the back of a different document, the Clerk could not determine what documents were to be filed in what cases, and sent the documents back to Plaintiff with instructions to file the document properly. (Text-only Notice to Plaintiff, Mar. 5, 2013.) To date, Plaintiff has not refiled the proposed amended complaint. Given that the Court has no amended complaint to review, Plaintiff's motion to amend (ECF No. 124) is denied.

### II.     Motion to Dismiss

#### A.     Exhaustion of Administrative Remedies

Defendants move to dismiss much of Plaintiff's Complaint claiming that Plaintiff failed to exhaust his administrative remedies prior to filing this action. (Defs.' Br. in Supp. of Mot. to Dismiss 3.) In his response to the motion, Plaintiff asserts that he intends to "expunge" his conditions of confinement claims through his proposed amended complaint. However, as stated above, that amended complaint was never properly filed with the Court. Plaintiff's response makes clear that Plaintiff intended the facts detailed in his complaint to form the basis of a Fourteenth Amendment procedural due process claim rather than as individual Eighth Amendment conditions of confinement claims. Therefore, he does not contest the argument put forth by Defendants that he has failed to exhaust his administrative remedies as to most of the conditions of confinement cited in his Complaint. As explained below, the Court agrees that Plaintiff has failed to exhaust his administrative remedies as to most of his Eighth Amendment claims. Consequently, those claims should be dismissed. The remaining conditions of confinement claims are discussed in part II.B.1. below.

4

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id*. at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id*. If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id*. "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. The defendant bears the burden of proof during this second step. *Id*.

5

Because Plaintiff has not contested Defendants' factual allegations, this argument can be decided on step one of the analysis. Defendants show the Court that GD&CP had a grievance procedure in place at the time the alleged violations took place. (Defs.' Br. in Supp. of Mot. to Dismiss 6.) The procedure is a three-step process requiring an informal grievance, a formal grievance, and an appeal. (Mot. to Dismiss, Att. A. Aff. of Gary Caldwell 3, ECF No. 90-2.) Defendants argue that prior to the filing of this Complaint, Plaintiff had only completed the grievance procedure on the issues of withholding of food and denial of showers. (Defs.' Br. in Supp. of Mot. to Dismiss 6.) Plaintiff has not argued otherwise. Consequently, Defendants have shown that Plaintiff failed to exhaust his administrative remedies with regard to all of his other claims for violations of the Eighth Amendment. It is therefore recommended that those claims be dismissed.

> B. Failure to State a Claim

Defendants argue that Plaintiff's remaining claims for violations of the Eighth Amendment and his Fourteenth Amendment due process claims should be dismissed because they fail to state a claim under Rule 12(b) of the Federal Rules of Civil Procedure. (*Id*. at 7.) When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint

must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### 1. Eighth Amendment Conditions of Confinement Claims

Defendants argue that Plaintiff's remaining Eighth Amendment claims fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983. The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. *Id.* Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." *Id.* at 347.

Therefore, to prevail on a conditions of confinement claim, a plaintiff must first

show that the challenged conditions are objectively and sufficiently serious, or extreme, so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler*, 379 F.3d 1289, or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 37 (1993). Defendants argue that Plaintiff's claims of withholding of food and denial of showers fail to satisfy these requirements. (Defs.' Br. in Supp. of Mot. to Dismiss 14-15.)

Plaintiff claims that he has "been deprived of food for days as a punishment for speaking out on violations." (Compl. 7.) Defendants argue that this allegation is insufficient to state a claim for violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment. Plaintiff's vague, one sentence allegation does not state a claim under the Eighth Amendment. Plaintiff does not explain what "deprived" of food means, or sufficiently describe how long this "deprivation" lasted, or even stated that he has suffered a particular injury due to the "deprivation." Plaintiff's Complaint does not give sufficient information for the Court to find that the alleged condition of confinement is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 37. "From the outset . . . we specified that the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of

8

deprivations involving serious injury inflicted by prison officials acting with a culpable state of mind." *Farmer*, 511 U.S. at 860 (Thomas, J., concurring) (internal quotation marks and citation omitted).  Therefore, no constitutional violation is found here.

Plaintiff also claims that showers are limited to only three times per week and denied to those inmates in "E-wing." (Compl. 7.)  Initially, the Court notes that Plaintiff never alleges that he is, or has ever been, housed in "E-wing."  Therefore, the allegation that showers are "wholly denied" to those inmates does not sufficiently show that Plaintiff was personally impacted by the alleged practice.  Furthermore, Defendants show the Court that the Eleventh Circuit, along with other circuits, have previously found that limitations on shower opportunities similar to, and even more severe than, what Plaintiff alleges are not sufficient to make a claim for a constitutional violation.  *See e.g. Fischer v. Ellegood*, 238 F. App'x 428, 434 (11th Cir. 2007) (finding no constitutional violation in, *inter alia*, inmates not permitted to shower for five days).  Plaintiff has not alleged that he has suffered any particular harm from the showering limitations, and certainly has not shown that the limitation alleged is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 37.  Again, Plaintiff has not sufficiently alleged a constitutional violation.

Defendants' motion to dismiss Plaintiff's remaining claims for violations of the Eighth Amendment's cruel and unusual punishments clause should therefore be granted and the claims dismissed.

### 2. *Fourteenth Amendment Due Process Claim*

Plaintiff contends that Defendants violated his right to procedural due process in

classifying and confining him to the Special Management Unit of GD&CP without notice or an opportunity to be heard. Defendants move to dismiss the claims arguing that Plaintiff has not stated a claim for denial of his procedural due process rights because he has not shown a protected liberty interest was implicated by his classification to the SMU.

It is well-settled that prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *see also Meachum v. Fano,* 427 U.S. 215, 223-24 (1976) (finding the transfer of a prisoner to less agreeable prison does not implicate a liberty interest). However, a prisoner may claim a violation of a protected liberty interest arising out of his confinement in punitive segregation if the placement (1) "will inevitably affect the duration of his sentence;" or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff's allegations fail to fulfill the *Sandin* requirements. Initially, the Court notes that Plaintiff does not specifically allege that his placement in the SMU was punitive, only that he was not told the reasons for his classification. Plaintiff also makes no allegation that his placement in the SMU "will inevitably affect the duration of his sentence."[3] Furthermore, Plaintiff fails to allege how the conditions in the SMU differ

---

[3]  Although Plaintiff argues that the denial of educational programs could limit parole eligibility, Georgia inmates do not have a liberty interest in parole eligibility sufficient to implicate the Due Process Clause. *See Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994) ("the Georgia parole system does not create a liberty interest protected by the Due Process

from the "ordinary incidents of prison life," and certainly has not made a compelling argument that they are an "atypical and significant hardship" in comparison. Plaintiff describes the conditions in the SMU in detail, but makes little to no mention of the conditions for prisoners not in the SMU. Although Plaintiff does refer to a difference between administrative segregation and the SMU, it is to describe the classification review process, not the conditions of confinement. Plaintiff's repeated use of the phrase "atypical and significant hardship" does not fulfill the pleading requirement. Something more than the conclusory statement that the listed conditions are an "atypical and significant hardship" is required; Plaintiff must state or allege <u>facts</u> that show an "atypical and significant hardship." Plaintiff has therefore failed to state a claim for a due process violation, and Defendant's motion should be granted as to those Claims.

### III.   Motion for Default Judgment

On January 9, 2013, Plaintiff filed a motion for default judgment claiming that the Defendants had failed to timely file a response to his Complaint. (ECF No. 72.) According to the docket, the U.S. Marshal's Service issued the Process Receipt and Return to each of the Defendants on November 6, 2012. Federal Rules of Civil Procedure Rule 4 covers the issue of service. Rule 4(d) states that when a waiver of service is requested, as was in this case, the defendant has "60 days after the request was sent" to file an answer or responsive pleading to the complaint. Fed. R. Civ. P. 4(d)(3). Therefore, Defendants had sixty days from the date that waiver was requested in which to respond to the Complaint.

---

Clause."

On the same day that Plaintiff filed his motion, Defendants timely moved this Court for an extension of time to respond to all of the complaints. (ECF No. 76.) Because the consolidated action was exceedingly complex, the Court granted Defendants' request. (Text-only Order, Jan. 9, 2013.) Defendants thereafter filed the pending motion to dismiss on February 1, 2013 within the extension of time granted by the Court. (ECF No. 90.) Defendants, therefore, timely responded to the Complaint, and did not fulfill the requirements of default under Rule 55 because they did not "fail[] to plead or otherwise defend," against the Complaint. Accordingly, Plaintiff's motion for default judgment (ECF No. 72) is denied.

## IV.   Motion for Temporary Restraining Order/Preliminary Injunction

Plaintiff also seeks relief in the form of a temporary restraining order against Defendants. (Pl.'s Mot. for Prelim. Inj., ECF No. 19.) Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). As detailed above, the Court finds that Plaintiff's claims should be dismissed. Therefore, Plaintiff has failed to show a "substantial likelihood of success on the merits." Accordingly, it is recommended that Plaintiff's motion for injunctive relief (ECF No. 19)

be denied.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendant's motion to dismiss the complaint (ECF No. 90) be GRANTED. It is further RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 19) be DENIED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof. It is also ORDERED that Plaintiff's motions for default judgment (ECF No. 72), and to amend (ECF No. 124) are DENIED.

SO ORDERED and RECOMMENDED, this 3rd day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE