**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEANTE GHOLSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-CV-97 (MTT)** |
| | ) | |
| **CARL HUMPHREY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Before the Court is the Order and Recommendation of Magistrate Judge Stephen Hyles.  (Doc. 164).  The Magistrate Judge recommends granting Defendant Warden Carl Humphrey's motion to dismiss (Doc. 86) Plaintiff Deante Gholston's complaint (Doc. 1) and denying the Plaintiff's motion for a temporary restraining order (Doc. 8). The Plaintiff has objected to the Recommendation.  (Doc. 176).[1]  The Court has reviewed the Recommendation and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff contends his Eighth Amendment claim against Defendant Humphrey based on denial of physical exercise should not be dismissed.  The Magistrate Judge recommends dismissing this claim because, while the complaint alleges "physical exercise is denied for month[ ]s at a time and when allowed, only twice a week," the

---

[1] The Plaintiff agrees his motion for a temporary restraining order should be denied, his Fourteenth Amendment procedural due process claim should be dismissed, and all but one of his Eighth Amendment claims should be dismissed.

Plaintiff fails to allege *he* was deprived of physical exercise for months at a time.  (Doc. 1-1 at 4).  According to the Plaintiff, he has alleged personal deprivation of physical exercise for months at a time.  Though conclusory allegations are insufficient to state a claim for relief, pro se pleadings are liberally construed, and in all cases, reasonable inferences are to be drawn in the plaintiff's favor.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).  Liberally construing the Plaintiff's complaint, the Court finds he alleged he was personally deprived of exercise for months.  However, he has still failed to sufficiently allege an Eighth Amendment claim against the Defendant.

To state a claim for an Eighth Amendment violation, a plaintiff must make a two-prong showing: "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  For claims based on prison conditions, the relevant state of mind is deliberate indifference.  *Id.*  To show the prison official acted with deliberate indifference, the Plaintiff must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted).

Additionally, to hold a supervisory official liable for a constitutional violation, the Plaintiff must show "that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the

alleged constitutional violation." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). The requisite causal connection can be established if "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; the supervisor's "custom or policy … result[s] in deliberate indifference to constitutional rights"; or "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).

The Plaintiff cites cases from the Ninth Circuit finding that denial of exercise can be a "sufficiently serious" deprivation to support an Eighth Amendment claim. *See Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). Even assuming the Plaintiff has alleged facts sufficient to meet the objective prong of an Eighth Amendment claim, however, he has failed to show Defendant Humphrey was either personally involved in the deprivation of his rights or that the Defendant's actions had a causal connection to the deprivation. Simply alleging that the Defendant's actions resulted in the Plaintiff's prolonged confinement in the Administrative Segregation Unit ("ASU") where he was deprived of exercise is insufficient to show a causal connection. He does not allege the Defendant implemented a policy restricting exercise to prisoners confined in the ASU, nor does he allege the Defendant directed his subordinates to deny the Plaintiff exercise. For the same reasons, the Plaintiff has also failed to show the Defendant acted with deliberate indifference.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as modified by this Order.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  Accordingly, the Defendant's motion to dismiss (Doc. 86) is **GRANTED**, the Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**, and the Plaintiff's motion for a temporary restraining order (Doc. 8) is **DENIED**.

Pursuant to Fed. R. Civ. P. 54(b), the Court **DIRECTS** the entry of final judgment as to all of Plaintiff Gholston's claims because there is no just reason for delay.  **This Order is immediately appealable.**

**SO ORDERED,** this 4th day of November, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT