IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-97 (MTT) |
| | ) 5:12-CV-118 |
| | ) |
| CARL HUMPHREY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the Court is Magistrate Judge Stephen Hyles's Order and Recommendation. (Doc. 165). The Magistrate Judge recommends granting the Defendants' motion to dismiss (Doc. 95) Plaintiff Robert Watkins's complaint[1] because the Plaintiff abandoned his Eighth Amendment claims in his motion to amend the complaint filed on March 4, 2013 (Doc. 120) and because his Fourteenth Amendment procedural due process claim based on being transferred to the Special Management Unit ("SMU") of the Georgia Diagnostic and Classification Prison ("GDCP") fails to state a claim.[2] The Magistrate Judge further recommends denying the Plaintiff's motion for a

---

[1] The complaint is filed in *Watkins v. Humphrey*, 5:12-CV-118, at Doc. 1. This case, along with several others, was consolidated with *Gholston v. Humphrey*, 5:12-CV-97, on November 1, 2012. (Doc. 29).

[2] The complaint also alleges the Plaintiff's "property is consistently confiscated for months at a time without any type of hearing." *Watkins*, 5:12-CV-118, Doc. 1 at 5. To the extent the complaint can be read as alleging a separate Fourteenth Amendment claim based on deprivation of personal property, that claim fails because the State of Georgia provides an

temporary restraining order. (Doc. 17). After the Defendants filed their motion to dismiss, the Plaintiff filed two motions to amend his complaint. (Docs. 120; 161). The Magistrate Judge granted the first motion in part, dismissing the Plaintiff's Eighth Amendment claims per his request, but denied the motion regarding his Fourteenth Amendment claims because the complaint as amended would still be subject to dismissal. The Magistrate Judge denied the second motion because he found the Plaintiff acted in bad faith and unduly delayed seeking to amend the complaint. The Plaintiff has objected to the Recommendation, and the Defendants have responded to the objection. (Docs. 185; 189). The Court has reviewed the Recommendation and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

In dismissing the Plaintiff's Fourteenth Amendment claim, the Magistrate Judge found the Plaintiff failed to allege how the conditions in the SMU differed from the "ordinary incidents of prison life" such that the conditions impose "atypical and significant hardship" on him.[3] As discussed in the Recommendation, prisoners generally have no liberty interest in a certain prison classification and a liberty interest implicating the Fourteenth Amendment only arises in one of two circumstances: (1) the change in conditions is so severe that it exceeds the sentence imposed by the court; or (2) "the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit 'imposes atypical and

---

adequate post-deprivation remedy. *See Johnson v. Owens*, 2014 WL 6620938, at *3 & n.8 (M.D. Ga.).

[3] The only comparison made in either the complaint or the amended complaint is between the review process for inmates confined in administrative segregation and those confined in the SMU. The Court agrees with the Recommendation that this is insufficient to show "atypical and significant hardship."

significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  The first circumstance is not at issue in this case.  In the second circumstance, there must be a comparison between the challenged conditions and other "typical" conditions in order to determine whether the state has created a protected liberty interest.  See *Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (noting complaint "did not allege any facts showing (or that could be liberally construed to show) that [plaintiff] was confined in harsher conditions than inmates in administrative confinement or close management I status generally"); *Al-Amin v. Donald*, 165 F. App'x 733, 739 (11th Cir. 2006) (finding no state-created liberty interest because of "the substantial similarity between the privileges and conditions of life in the general population of GSP in comparison to conditions in administrative segregation").

In his objection, the Plaintiff does provide some detail of what conditions in the general prison population are like.  The Court construes this portion of the objection as a motion to amend the complaint.  See *Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding district court should have considered new allegations in objection as motion to amend the complaint).  However, to the extent the new allegations can be construed as a motion to amend, that motion is denied.  The Defendants pointed out the deficiency of the Plaintiff's allegations in their motion to dismiss, and the Plaintiff filed a response to the motion and two motions to amend without ever seeking to include these additional allegations.  Therefore, the Court finds the Plaintiff unduly delayed in seeking to amend.

The Plaintiff also cites *Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999), where the Eleventh Circuit held a deprivation of two hours per week of yard time, given the Florida Administrative Code's provision that prisoners in Close Management are given two hours per week of yard time unless clear and compelling reasons exist to do otherwise, constituted atypical and significant hardship. *Id.* at 1318. In the present case, the Plaintiff contends he has a liberty interest in out-of-cell recreation because there is a policy that inmates get five hours of out-of-cell recreation per week, but he is either wholly or largely deprived of out-of-cell recreation in the SMU. The Plaintiff failed to mention this five-hour policy in either his complaint or proposed amended complaints. As the Court has denied the Plaintiff leave to amend his complaint at this late stage in the litigation, his argument based on new allegations is without merit.

Finally, the Plaintiff points out in his objection that the conditions alleged in the complaint are almost identical to those found by the Supreme Court in *Wilkinson v. Austin*, 545 U.S. 209 (2005), to constitute atypical and significant hardship. However, that does not change the fact that the complaint provides no baseline for comparison.[4] To the extent the Plaintiff suggests he has a liberty interest based on the mandatory language of some of the prison's policies, the Supreme Court has made clear that the focus of the inquiry is not whether a particular prison regulation has mandatory language. *See Sandin*, 515 U.S. at 483-84.

---

[4] While the Supreme Court in *Wilkinson* did hold the conditions in the Ohio supermax facility imposed "an atypical and significant hardship under any plausible baseline," the Supreme Court also noted "[c]onditions at OSP are more restrictive than any other form of incarceration in Ohio." *Wilkinson*, 545 U.S. at 214, 223. Because the claim deals with a state-created liberty interest based on conditions the state typically imposes, the Court necessarily needs *some* baseline for comparison even if the precise baseline remains undefined.

The Plaintiff also objects to the Magistrate Judge's denial of his second motion to amend. However, the Court agrees that the motion was properly denied based on the Plaintiff's undue delay and bad faith.

The Court has reviewed the Recommendation and the Plaintiff's objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion to dismiss (Doc. 95) is **GRANTED**, the Plaintiff's complaint is **DISMISSED without prejudice**, and the Plaintiff's motion for a temporary restraining order (Doc. 17) is **DENIED**.

**SO ORDERED,** this 10th day of December, 2014.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT