IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TREMAYNE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-97 (MTT) |
| ) | 5:12-CV-128 |
| ) | |
| CARL HUMPHREY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 171). The Magistrate Judge recommends granting the Defendants' motion to dismiss (Doc. 96) Plaintiff Tremayne Watson's complaint[1] because he failed to exhaust his administrative remedies for his Eighth Amendment claims,[2] and his Fourteenth

---

[1] The complaint is filed in *Watson v. Humphrey*, 5:12-CV-128, at Doc. 1. This case, along with several others, was consolidated with *Gholston v. Humphrey*, 5:12-CV-97, on November 1, 2012. (Doc. 29).

[2] The Defendants contend the Plaintiff failed to file a single grievance at GDCP regarding conditions of confinement before filing this suit on April 5, 2012. However, the Plaintiff's offender grievance record shows he filed two grievances concerning conditions of confinement at GDCP: a formal grievance on November 4, 2011, that was partially granted and an informal grievance on February 13, 2012, that was resolved. (Doc. 96-4 at 2). Regardless, the Plaintiff has not contested that he failed to exhaust his Eighth Amendment claims, and there is no indication from the offender grievance record that these two grievances involved any of the allegations in the complaint. Thus, the Court is satisfied the Defendants have established that the Plaintiff failed to exhaust his administrative remedies for his Eighth Amendment claims.

Amendment procedural due process claim[3] based on being transferred to the Administrative Segregation Unit of the Georgia Diagnostic and Classification Prison fails to state a claim.[4]  The Plaintiff has not objected to the Recommendation.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Defendants' motion to dismiss (Doc. 96) is **GRANTED** and the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED,** this 10th day of December, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The complaint also alleges the Plaintiff's "property is consistently confiscated for months at a time without any type of hearing." *Watson*, 5:12-CV-128, Doc. 1 at 5.  To the extent the complaint can be read as alleging a separate Fourteenth Amendment claim based on deprivation of personal property, that claim fails because the State of Georgia provides an adequate post-deprivation remedy.  *See Johnson v. Owens*, 2014 WL 6620938, at *3 & n.8 (M.D. Ga.).

[4] The Magistrate Judge also recommends dismissing the "John/Jane Doe" defendants because the Plaintiff has made no attempt to identify them.