IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JA'QUEZ PASCHAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-97 (MTT) |
| ) | 5:12-CV-130 |
| ) | |
| CARL HUMPHREY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 174). The Magistrate Judge recommends granting the Defendants' motion to dismiss (Doc. 94) Plaintiff Ja'Quez Paschal's complaint[1] because he failed to exhaust his administrative remedies for all but one of his Eighth Amendment claims,[2] his remaining Eighth Amendment claim based on lack of educational programs fails to state a claim, and his Fourteenth Amendment procedural due process claim[3] based on being

---

[1] The complaint is filed in *Paschal v. Humphrey*, 5:12-CV-130, at Doc. 1. This case, along with several others, was consolidated with *Gholston v. Humphrey*, 5:12-CV-97, on November 1, 2012. (Doc. 29).

[2] It is not clear from the Plaintiff's grievance record attached to the Defendants' motion that he did actually file any grievance related to his conditions of confinement before filing suit on April 9, 2012. (Doc. 94-4 at 2). However, it is the Defendants' position, supported by the affidavit of GDCP grievance coordinator Gary Caldwell, that the Plaintiff exhausted his Eighth Amendment claim regarding lack of educational, vocational, and rehabilitation programs. (Doc. 94-2, ¶ 17).

[3] The complaint also alleges the Plaintiff's "property is consist[e]ntly confiscated for months at a time without any type of hearing." *Paschal*, 5:12-CV-130, Doc. 1 at 7. To the extent the complaint can be read as alleging a separate Fourteenth Amendment claim based on

transferred to the Administrative Segregation Unit of the Georgia Diagnostic and Classification Prison fails to state a claim.[4]  The Plaintiff has not objected to the Recommendation.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Defendants' motion to dismiss (Doc. 94) is **GRANTED** and the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED,** this 10th day of December, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

deprivation of personal property, that claim fails because the State of Georgia provides an adequate post-deprivation remedy.  See *Johnson v. Owens*, 2014 WL 6620938, at *3 & n.8 (M.D. Ga.).

[4] The Magistrate Judge also recommends dismissing the "John/Jane Doe" defendants because the Plaintiff has made no attempt to identify them.