IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BENJAMIN MCIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:12-CV-97 (MTT) |
| ) | 5:12-CV-119 |
| ) | |
| CARL HUMPHREY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the Order and Recommendation of Magistrate Judge Stephen Hyles.  (Doc. 175).  The Magistrate Judge recommends granting the Defendants' motion to dismiss (Doc. 90) Plaintiff Benjamin McIver's complaint[1] because he failed to exhaust his administrative remedies as to most of his Eighth Amendment claims, his remaining Eighth Amendment claims based on withholding of food and denial of showers fail to state a claim, and his Fourteenth Amendment procedural due process claim[2] based on being transferred to the Administrative Segregation Unit[3] of the Georgia

---

[1] The complaint is filed in *McIver v. Humphrey*, 5:12-CV-119, at Doc. 1.  This case, along with several others, was consolidated with *Gholston v. Humphrey*, 5:12-CV-97, on November 1, 2012.  (Doc. 29).

[2] The complaint also alleges the Plaintiff's "property is consistently confiscated for months at a time without any type of hearing."  *McIver*, 5:12-CV-119, Doc. 1 at 6.  To the extent the complaint can be read as alleging a separate Fourteenth Amendment claim based on deprivation of personal property, that claim fails because the State of Georgia provides an adequate post-deprivation remedy.  *See Johnson v. Owens*, 2014 WL 6620938, at *3 & n.8 (M.D. Ga.).

[3] The Plaintiff refers to the unit as the ASU in his complaint but as the SMU in his response to the Defendants' motion.

Diagnostic and Classification Prison fails to state a claim.  The Magistrate Judge further recommends denying the Plaintiff's motion for a temporary restraining order.  (Doc. 19). The Plaintiff also moved to amend his complaint, but because his proposed amended complaint was written on the back of another document, the Clerk returned the document to the Plaintiff with instructions to properly refile it.  Because the Plaintiff never refiled his proposed amended complaint, the Magistrate Judge denied his motion to amend.  The Plaintiff has not objected to the Recommendation.

The Court agrees with the reasoning of the Magistrate Judge with regard to all claims except the Plaintiff's Eighth Amendment claim based on withholding of food.  To state a claim for an Eighth Amendment violation, a plaintiff must make a two-prong showing: "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'"  *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  For claims based on prison conditions, the relevant state of mind is deliberate indifference.  *Id.*  To show the prison official acted with deliberate indifference, the Plaintiff must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted).

Additionally, to hold a supervisory official liable for a constitutional violation, the Plaintiff must show "that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the

alleged constitutional violation." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  The requisite causal connection can be established if "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; the supervisor's "custom or policy … result[s] in deliberate indifference to constitutional rights"; or "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).

The Magistrate Judge recommends dismissing the Plaintiff's claim because, while the complaint alleges the Plaintiff was "deprived of food for days as punishment for speaking out on violations," the allegation is too vague to state an Eighth Amendment violation.  Specifically, the complaint does not describe what "deprived" of food means or sufficiently allege how long the deprivation lasted.  While not all deprivations of food rise to the level of an Eighth Amendment violation, the Eighth Amendment does require that inmates be provided "reasonably adequate food." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 865 (11th Cir. 2009); se*e also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  At the motion to dismiss stage, the Court finds the Plaintiff has alleged a deprivation that is "sufficiently serious" to meet the objective prong of an Eighth Amendment violation.

Nonetheless, the Court finds the Plaintiff has not alleged sufficient facts to show the requisite causal connection between the Defendants' actions and the alleged deprivation.  He has not alleged any of the Defendants personally deprived him of food, implemented a policy that inmates would be deprived of food as punishment, or even that the Defendants were aware he was being deprived of food.  For the same reasons,

-4-

the Plaintiff has also failed to show the Defendants acted with deliberate indifference as required to meet the subjective prong of an Eighth Amendment violation.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge except as modified by this Order.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  Accordingly, the Defendants' motion to dismiss (Doc. 90) is **GRANTED**, the Plaintiff's complaint is **DISMISSED without prejudice**, and the Plaintiff's motion for a temporary restraining order (Doc. 19) is **DENIED**.

**SO ORDERED,** this 10th day of December, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT